UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TANYA GASPARD | * | CIVIL ACTION |
| | * | |
| VERSUS | * | SECTION " " |
| | * | |
| WAL-MART LOUISIANA, LLC   AND THEIR | * | MAGISTRATE |
| LIABLITY INSURANCE CARRIER, | * | |
| XYZ INSURANCE COMPANY | * | |

\* \* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

TO:  The Honorable Judges
of the United States District Court
for the Eastern District of Louisiana

Defendant, Wal-Mart Louisiana, LLC, files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1. On September 6, 2012, Tanya Gaspard filed this lawsuit against Wal-Mart Louisiana, LLC, in the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, bearing Case No. 63846, and entitled Tanya Gaspard v. Wal-Mart Louisiana, LLC. And their liability insurance carrier, XYZ Insurance Company (*See* Plaintiff's Petition for Damages, attached hereto and marked for identification as Exhibit "A").

2. Wal-Mart received notice of the filing of the Petition on September 13, 2012 through service on its agent for service of process CT Corporation System. (See service of process transmittal attached hereto and marked for identification as Exhibit "B".)

3. The suit seeks damages from Wal-Mart for damages allegedly sustained by the plaintiff as a result of an incident that occurred at the Wal-Mart Supercenter in LaPlace, Louisiana, on June 3, 2012.

4. Plaintiff alleges in Paragraph 7 of the Petition that as a result of the aforementioned accident she has sustained injuries including but not limited to a medial meniscus tear of the right knee, knee contusion, contusion of the ankle, sprain/strain of the ankle and knee sprain/strain. In Paragraph 8, plaintiff provides that the injuries caused by the accident have caused her prolonged pain and suffering extending to the present date and will continue to cause plaintiff future pain and suffering and medical expenses. In Paragraph 9 plaintiff requests damages to include but are not limited to: 1) past, present and future pain and suffering, mental anguish; 2) past, present and future medical expenses. The Petition fails to provide a general allegation that the claim exceeds or is less than the amount necessary to provide for the lack of jurisdiction of federal court due to insufficiency of damages. La. C.C.P. art. 893. Based on information provided by plaintiff's counsel it is suggested that plaintiff is now under the care of an Orthopedic Surgeon and surgery is being considered.

I. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

5. 28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."

    A. **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

6. The Fifth Circuit has explained that for purposes of establishing removal

jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

7. Plaintiff has alleged injuries and damages that, if true, which defendants vehemently deny, place an amount in controversy which exceeds the sum or value of $75,000.00, exclusive of interest and costs. Plaintiff's Petition for Damages does not offer a binding stipulation that plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op.

8. While Wal-Mart admits no liability, nor any element of damages, Wal-Mart has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

    B.    **COMPLETE DIVERSITY**

9. Wal-Mart Stores, Inc. is a Delaware Corporation with its principal place of business in Bentonville, Arkansas. Wal-Mart Associates, Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Wal-Mart Louisiana, LLC is a Delaware limited liability company with its principal place of business in Bentonville, Arkansas. Sole member is Wal-Mart Stores East, LP. Wal-Mart Stores East,

LP is a Delaware limited partnership with its principal place of business in Bentonville, Arkansas. Two Partners WSE Management, LLC (GP) and WSE Investments, LLC (LP). WSE Management, LLC (GP) WSE Investments, LLC (LP) are Delaware limited liability companies with their principal place of business in Bentonville, Arkansas. Sole member is Wal-Mart Stores East, Inc. Wal-Mart Stores East, Inc. is an Arkansas Corporation with its principal place of business in Bentonville, Arkansas. All shares of stock are owned by Wal-Mart Stores, Inc.

10. Plaintiff is a resident and domiciled in the Parish of St. John the Baptist, State of Louisiana.

11. Accordingly, there is complete diversity of citizenship between the Plaintiff and the only named defendant.

12. This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by the Petition for Damages, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

## II. WAL-MART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

13. Wal-Mart received notice of the filing of the Petition for Damages through its service upon its agent for service of process, CT Corporation on September 13, 2012.

14. This Notice of Removal is being filed within thirty (30) days after first receipt by Wal-Mart of a copy of the initial pleadings setting forth the claim of relief upon which the action is based, it is therefore timely under 28 U.S.C. § 1446(b).

15. Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States.

16. The 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

17. No previous application has been made by Wal-Mart in this case for the relief requested herein.

18. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Josephine Howard, and a copy is being filed with the Clerk of Court for the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana.

19. Petitioner, Wal-Mart Louisiana, LLC, desires and is entitled to **trial by jury** of all issues herein

WHEREFORE, defendant, Wal-Mart Louisiana, LLC., hereby removes this action from the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

_s/ROY C. BEARD_
**ROY C. BEARD, ESQ. (#17461)**
**McCRANIE, SISTRUNK, ANZELMO,**
**HARDY, McDANIEL & WELCH**
3445 N. Causeway Blvd., Ste. 800
Metairie, LA 70002
Telephone: (504) 831-0946
Facsimile: (504) 831-2492
*Attorneys for Wal-Mart Louisiana, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2012, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

_s/ROY C. BEARD_